IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SARAH REAGAN, as the Personal Representative for the Estate of MICHAEL REAGAN, Jr., deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) OMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, a public trust, Et al.<br><br>Defendants. | Case No. CIV-20-243-RAW<br><br>JURY TRIAL DEMANDED |

**DEFENDANT OKMULGEE COUNTY CRIMINAL JUSTICE
AUTHORITY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Okmulgee County Criminal Justice Authority (hereinafter referred to as Defendant Authority) submits its Answer to Plaintiff's Complaint (Doc. 2).

**JURISDICTION AND VENUE**

1. Defendant Authority admits that the alleged incident giving rise to this lawsuit occurred in Okmulgee County and that Plaintiff is attempting to recover for alleged federal constitutional violations, but denies generally the facts as alleged by Plaintiff in her Complaint.

2-3. Defendant Authority admits that the alleged incident giving rise to this lawsuit occurred in Okmulgee County, in the Eastern District of Oklahoma, and thus this Court has jurisdiction to hear Plaintiff's federal claims and venue is proper in this Court. Defendant Authority denies Plaintiff's claims as alleged and asserts that it did not commit a federal constitutional violation or otherwise any wrongdoing in re Michael Reagan.

## **PARTIES**

4. Defendant Authority objects to Par. 4 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased. HOWEVER, Defendant Authority admits that Reagan was incarcerated in the Okmulgee County Jail on various dates.

5. Defendant Authority objects to Par. 5 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased. HOWEVER, Defendant Authority admits that it is a Title 60 Trust.

6. Defendant Authority objects to Par. 6 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased. Further, Defendant Board of County Commissioners has been dismissed from this case. See Doc. 18.

7. Defendant Authority admits that Sam McCoy was at one time employed by the Authority, but otherwise denies Par. 7 of Plaintiff's Complaint as phrased.

8. Defendant Authority admits that Ronald Spears was at one time employed by the Authority, but otherwise denies Par. 8 of Plaintiff's Complaint as phrased.

9. Defendant Authority admits that Julie Bauer was at one time employed by the Authority, but otherwise denies Par. 9 of Plaintiff's Complaint as phrased.

10. Defendant Authority admits that Lisa Wilson was at one time employed by the Authority, but otherwise denies Par. 10 of Plaintiff's Complaint as phrased.

11. Defendant Authority admits that Miguel Rivera was at one time employed by the Authority, but otherwise denies Par. 11 of Plaintiff's Complaint as phrased.

12. Defendant Authority admits that Joseph Terry was at one time employed by the Authority, but otherwise denies Par. 12 of Plaintiff's Complaint as phrased.

## **FACTUAL ALLEGATIONS**

13. Defendant Authority incorporates herein its responses to ¶¶ 1-12 of Plaintiff's Complaint.

14. Admitted.

15. Defendant Authority admits that Reagan was found on January 13, 2020 at approximately 3 a.m. on the floor of his cell with an approximately 1 inch laceration on the back of his head in what appeared to be a post ictal state, as alleged in Par. 15 of Plaintiff's Complaint, but otherwise denies Par. 15 as phrased.

16. Defendant Authority is without sufficient information at this time to admit or deny the accuracy of Par. 16, therefore it is denied.

17. Defendant Authority admits that Reagan was transported within the facility in a wheelchair, but otherwise denies Par. 17 as phrased.

18-19. Denied as phrased.

20. Defendant Authority objects to Par. 20 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased.

21-22. Denied as phrased.

23-24. Admitted.

25-26. Denied as phrased.

27. Denied.

28. Defendant Authority admits Reagan was transported to a hospital by ambulance.

29. Defendant Authority admits that at some point Reagan was determined to be deceased.

30-32. Denied.

33. Defendant Authority objects to Par. 33 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased.

34. Defendant Authority objects to Par. 34 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased. BUT Defendant Authority admits that Bauer at the time of Reagan's incarceration was an LPN.

35-37. Denied.

### Okmulgee County Jail's Unconstitutional Health Care System/Policies and Customs

38-39. Denied as phrased.

40-42. Denied.

43. Defendant Authority objects to Par. 43 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased.

44. Defendant Authority is without sufficient information at this time to admit or deny what Rob Barris, who is now deceased, said in 2017, therefore it is denied at this time.

45. Defendant Authority admits a Jail was built, but otherwise denies the allegations in Par. 45.

46. Defendant Authority is without sufficient information to admit or deny the correctness of Par. 46, therefore it is denied at this time. Further, it does not contain any allegations of wrongdoing directed at the Authority.

47. Defendant Authority is without sufficient information at this time to admit or deny what Sam McCoy said 2017, therefore it is denied at this time.

48. Defendant Authority objects to Par. 48 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased.

49-56. Denied.

57. Defendant Authority objects to Par. 57 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 8(a) and 10(b) and as such it is denied as phrased.

## CAUSES OF ACTION

## VIOLATION OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES
## (42 U.S.C. § 1983)

58. Defendant Authority incorporates herein its responses to ¶¶ 1-57 of Plaintiff's Complaint.

### A. Underlying Violations of Constitutional Rights/Individual Liability

59-62. Paragraphs 59-62 are not directed at Defendant Authority and therefore no response to them is required. To the extent any allegations of wrongdoing are alleged in Par. 59-62 against the Authority, they are denied.

### B. Municipal Liability (Applicable to OCCJA and BOCC)

63. Defendant Authority incorporates herein its responses to ¶¶ 1-62 of Plaintiff's Complaint.

64-69. Denied.

### C. Supervisor Liability (Applicable to Defendants Sam McCoy and Ronald Spears)

70. Defendant Authority incorporates herein its responses to ¶¶ 1-69 of Plaintiff's Complaint.

71-77. Paragraphs 71-77 are not directed at Defendant Authority and therefore no response to them is required. To the extent any allegations of wrongdoing are alleged in Par. 71-77 against the Authority, they are denied.

Defendant Authority denies the allegations contained in the WHEREFORE paragraph of Plaintiff's Complaint.

## **DEFENSES**

Defendant Authority submits the following defenses to the allegations contained in Plaintiff's Complaint:

1. Plaintiff has failed to state a claim against Defendant Authority.

2. Defendant Authority cannot be held liable for any constitutional violation resulting from the acts of agents, servants, appointees, or employees under the doctrine of respondeat superior and/or vicarious liability.

3. Defendant Authority has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by Defendant Authority, or found in a pattern of persistent practices known to and approved by the Defendant Authority, that would be considered unconstitutional.

4. Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf of Defendant Authority.

5. Defendant Authority was not deliberately indifferent toward Reagan's alleged serious medical needs.

6. Plaintiff cannot recover punitive damages against Defendant Authority.

7. The Authority cannot be liable under any theory for alleged actions or omissions committed by an employee or appointee which are outside the scope of that person's employment and/or which are criminal in nature.

8. An award of punitive damages would violate the Fourteenth Amendment to the United States Constitution and principles of due process, as to Defendant Authority.

9. Reagan's alleged injuries/damages were the result of actions or inactions of a third party over whom Defendant Authority had no authority or control, or were caused by Hill.

10. Defendant Authority's actions or inactions were not the direct or proximate cause of Plaintiff's alleged damages or injuries.

WHEREFORE, having fully answered, Defendant Okmulgee County Criminal Justice Authority respectfully requests that Plaintiff take nothing by reason of her Complaint and that it be dismissed with its attorney fees and costs.

Respectfully submitted,

s/ Ambre C. Gooch
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: acg@czwlaw.com

ATTORNEY FOR DEFENDANT
OKMULGEE COUNTY CRIMINAL
JUSTICE AUTHORITY

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II, email at: don@smolen.law
Laura L. Hamilton, email at:  laura@smolen.law
Jack W. Warren, email at: jack@smolen.law
SMOLEN LAW, PLLC
611 S. Detroit Avenue
Tulsa, OK 74119
***Attorneys for Plaintiff***

                                                s/ Ambre C. Gooch
                                                Ambre C. Gooch