IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SARAH REAGAN, as the Personal )
Representative for the Estate of Michael )
Reagan, Jr., deceased, )
 )
                       Plaintiff, )
 )
v. )    Case No. 20-CV-243-RAW
 )
OKMULGEE COUNTY CRIMINAL )
JUSTICE AUTHORITY, a public trust, )
*et al.*, )
                      Defendants. )

## ANSWER OF DEFENDANT JOSEPH TERRY

Come now the Defendant Joseph Terry, and for his answer to the Complaint denies each and every factual allegation contained in the Complaint, except as hereafter specifically admitted.

## JURISDICTION AND VENUE

1. The Defendant admits the jurisdiction of this Court and admits that the Plaintiff is attempting to assert claims under the Fourth and Fourteenth Amendment to the United States Constitution. The Defendant denies that any of the constitutional rights of the deceased were violated by any of these Defendants.

2. The Defendant admits that this Court has jurisdiction over this matter, but denies that any of the Defendants violated the constitutional rights of the deceased.

3. The Defendant admits that venue is proper in this Court.

**PARTIES**

4. The Defendant is without sufficient information to admit the residence of the Plaintiff. The Defendant admits that in January 2020, the deceased was incarcerated in the Okmulgee County Jail.

5. The Defendant admits that the OCCJA is a public trust created pursuant to Title 60 O.S. § 176, *et seq.* The remaining factual allegations contained in paragraph 5 are directed at other Defendants and as such no response is required from this Defendant. To the extent that a response is required, this Defendant lacks sufficient information as to the particular legal duties of the OCCJA and the Board of County Commissioners of Okmulgee County as described in paragraph 5 and therefore deny such allegations.

6. The Defendant admits the text of 57 O.S. § 41. The Defendants further note that the Board of County Commissioners has been dismissed from this case. See Doc 18.

7. The Defendant admits that the Defendant Sam McCoy was formerly the Executive Director of the OCCJA and further admits that during his tenure as the Executive Director, Sam McCoy acted as the agent and employee of the OCCJA and acted within the course and scope of his employment. The Defendant denies that Sam McCoy has any "official capacity."

8. The Defendant admits that Ronald Spears was formerly the Jail Administrator of the OCCJA. The Defendants further admit that during his tenure as the Jail Administrator, Ronald Spears acted as the agent and employee of the OCCJA, and acted within the course and scope of his employment. The Defendant denies that Ronald Spears has any "official capacity."

9. The Defendant admits that Defendant Julie Bauer was formerly an employee of the OCCJA and served as an LPN at the jail. The Defendant further admits that Nurse Bauer had some responsibility for responding to medical issues that were brought to her attention and acted within

the course and scope of her employment in any dealings with the deceased Michael Reagan, Jr. Otherwise, the Defendant denies the allegations of paragraph 9 as phrased.

10. The Defendant admits that the Defendant Lisa Wilson served as an employee of the OCCJA in January 2020 and continues to be employed by the OCCJA. The Defendant further admits that the Defendant Lisa Wilson acted within the course and scope of her employment during any dealings with the deceased Michael Reagan, Jr. The Defendants deny the remaining allegations contained in paragraph 10 as phrased.

11. The Defendant admits that the Defendant Miguel Rivera was employed by the OCCJA in January 2020. The Defendant further admits that the Defendant Miguel Rivera acted within the course and scope of his employment during his dealings with the deceased Michael Reagan, Jr. Otherwise, the remaining allegations contained in paragraph 11 of the Complaint are denied as phrased.

12. The Defendant Joseph Terry admits that he was employed by the OCCJA in January 2020 and further admits that Defendant Joseph Terry acted within the course and scope of his employment during any dealings with Michael Reagan, Jr. Otherwise, the allegations contained in paragraph 12 are denied as phrased.

## FACTUAL ALLEGATIONS

13. The Defendant incorporates by reference all preceding admissions and denials.

14. Admitted.

15. The Defendant is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 15 and therefore deny such allegations.

16. The Defendant is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 16 and therefore deny such allegations.

17. The Defendant admits that Mr. Reagan was transported within the facility in a wheelchair.

18. Paragraph 18 is admitted.

19. Paragraph 19 is denied.

20. Paragraph 20 is admitted.

21. Paragraph 21 is denied as phrased.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied as phrased.

27. Paragraph 27 is denied.

28. The Defendant is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 28 and therefore deny such allegations.

29. The Defendant is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 29 and therefore deny such allegations.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. The Defendant admits that Mr. Reagan was not seen by a physician on January 13, 2020 until he arrived at the Muskogee Creek Nation Medical Center. Otherwise, paragraph 33 is denied as phrased.

34. The Defendant admits that Julie Bauer is a LPN. Otherwise, paragraph 34 is denied.

35-37.   Denied.

## ALLEGATIONS REGARDING OKMULGEE COUNTY JAIL'S ALLEGED UNCONSTITUTIONAL HEALTH CARE SYSTEM/POLICIES AND CUSTOMS

38-42.   Denied.

43.   The Defendant admits that John Martin made the statements referenced in paragraph 43. Otherwise, the Defendant denies that any description of the conditions of the jail in 2014 had any causal connection with the death of Mr. Reagan.

44.   The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 44 of the Complaint.

45.   The Defendant admits that a jail was built but otherwise deny the allegations in paragraph 45.

46.   The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 46 of the Complaint.

47.   The Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 47 of the Complaint.

48-57.   Denied.

## ALLEGATION OF VIOLATION OF THE FOURTEENTH AMENDMENT

58.   The Defendant incorporates by reference all preceding admissions and denials.

**A. Allegations of Underlying Violations of Constitutional Rights/Individual Liability**

59-62.   Denied.

**B. Allegations of Municipal Liability (Applicable to OCCJA and BOCC)**

63. The Defendant incorporates by reference all preceding admissions and denials.

64-69. The allegations of paragraphs 64 through 69 are directed at other Defendants and no response is required from these Defendants. However, to the extent that any response is required, the Defendant denies all allegations of wrongdoing on the part of this Defendant.

**C.   Allegations of Supervisor Liability
(Applicable to Defendants Sam McCoy and Ronald Spears)**

70. The Defendant incorporates by reference all preceding admissions and denials.

71-77. Denied.

## AFFIRMATIVE DEFENSES

For further answer, Defendant asserts the following defenses and affirmative defenses:

1. Plaintiff's Complaint fails to state a claim for relief under the U.S. Constitution against Defendant.

2. Plaintiff's Complaint fails to state a claim for relief under Oklahoma law against Defendant.

3. Defendant did not violate any of Plaintiff or Deceased's clearly established, constitutional rights.

4. Defendant did not personally participate in any event in any manner which caused a violation of any of Plaintiff or Deceased's constitutional rights.

5. Defendant was not deliberately indifferent to any known serious medical illness of the Deceased.

6. All acts or omissions by Defendant was objectively reasonable under the circumstances.

7. Defendant is immune from liability pursuant to the doctrine of qualified immunity.

8. Plaintiff has failed to state a plausible cause of action against Defendant for any constitutional violation.

9. Any alleged injuries and damages claimed by Plaintiff were caused by third parties under circumstances that the Defendant could not have reasonably anticipated would occur.

10. Plaintiff's claims may be barred in whole or in part by the Governmental Tort Claims Act.

11. Defendant is exempt from liability under the Governmental Tort Claims Act.

12. Any award of punitive damages based upon any standard of proof less than "clear and convincing evidence" would violate the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

13. Plaintiff's claim for punitive damages is unconstitutional under Article II, Section 9 of the Oklahoma Constitution.

14. To the extent Plaintiffs obtain a recovery against any other party for any of the damages claimed herein, Defendants are entitled to a set-off.

15. Plaintiff may not have exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(E).

16. Defendant reserves the right to add additional Affirmative Defenses as discovery begins and progresses.

WHEREFORE, premises considered and having fully answered, Defendant Joseph Terry respectfully request that Plaintiff take nothing through her Complaint and that the Defendant be dismissed from all claims asserted herein. The Defendant further pray for his costs and attorneys' fees incurred in the defense of this action.

Respectfully submitted,

s/ Randall J. Wood
Randall J. Wood, OBA #10531
Robert S. Lafferrandre, OBA #11897
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405)235-1611
Facsimile: (405)235-2904
rwood@piercecouch.com
rlafferrandre@piercecouch.com
***Attorneys for Defendants Sam McCoy, Ronald Spears, Julie Bauer, Lisa Wilson and Joseph Terry***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II   don@smolen.law
Laura L. Hamilton   laura@smolen.law
John W. Warren   jack@smolen.law
Ambre C. Gooch   acg@czwlaw.com

s/ Randall J. Wood
Randall J. Wood