```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

SARAH REAGAN, as the Personal      )
Representative for the Estate      )
of Michael Reagan, Jr.,            )
deceased,                          )
                                   )
               Plaintiff,          )
                                   )
v.                                 )    Case No. CIV-20-243-RAW
                                   )
OKMULGEE COUNTY CRIMINAL           )
JUSTICE AUTHORITY, a public        )
trust; SAM MCCOY;                  )
RONALD SPEARS;                     )
NURSE JULIE BAUER, LPN;            )
LISA WILSON, Captain;              )
MIGUEL RIVERA, Sergeant;           )
JOSEPH TERRY,                      )
Detention Officer; and             )
ADEL MALATI, M.D.,                 )
                                   )
               Defendants.         )
```

**O R D E R**

This matter comes before the Court on Plaintiffs' Motion to Compel (Docket Entry #97). United States District Judge Ronald A. White who presides over this case referred this Motion to the undersigned for final determination. Plaintiff brings this action based in 42 U.S.C. § 1983 against Defendants alleging inadequate medical care and treatment while Michael Reagan, Jr. (the "Decedent") was housed at the Okmulgee County Jail which resulted in his death from a seizure condition. Plaintiff also alleges that the jail was understaffed, underfunded, and its employees were inadequately trained and supervised which allegedly

contributed to the death of the Decedent.

On January 11, 2021, Plaintiff served written discovery upon Defendant Okmulgee County Criminal Justice Authority ("OCCJA"). OCCJA served its responses upon Plaintiff thereafter. With these brief background facts in mind, this Court addresses the individual discovery disputes set out in the Motion in turn.

Plaintiff first contends OCCJA provided inappropriate general and boilerplate objections to Plaintiff's requests. These responses largely are comprised of an objection that the request is "overbroad, unreasonably burdensome, not proportional to the needs of the case, and not relevant." OCCJA, however, premises several of its responses with this standard language but then explains that it is objecting to the time frame of the request since Plaintiff requests information covering a period which encompasses a considerable amount of time before the Decedent's incarceration in the jail.[1] OCCJA only responds with the boilerplate language without explanation on two requests.[2] Additionally, in most instances, OCCJA responds that it objects but without waiving objection, it responds to the specific request with a reference to documents and their associated Bates page

---

1 *See* OCCJA's Responses to Plaintiff's Request for Production Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 20, 23, 44.

2 *See* OCCJA's Responses to Plaintiff's Request for Production Nos. 35 and 36.

2

numbers.3   This Court perceives that the "ambiguity" which Plaintiff asserts is caused by this type of response is less of a problem than represented given the specificity of the document production on each request containing boilerplate language. Nevertheless, OCCJA shall provide any further documentation which is responsive to Plaintiff's requests for production **without regard to the boilerplate objection** with reference to the specific request to which it is responsive by a date certain, in order to insure that all responsive documents have been produced.4

Plaintiff also states that OCCJA has engaged in "rolling"

---

3 *See* OCCJA's Responses to Plaintiff's Request for Production Nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 20, 23, 44.

4 To be clear, these type of objections are, quite simply, a waste of time. "The hallmark of a boilerplate objection is its generality. The word 'boilerplate' refers to 'trite, hackneyed writing'—an appropriate definition in light of how boilerplate objections are used.  An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request. For example, a boilerplate objection might state that a discovery request is 'irrelevant' or 'overly broad' without taking the next step to explain why. These objections are taglines, completely 'devoid of any individualized factual analysis.' Often times they are used repetitively in response to multiple discovery requests. Their repeated use as a method of effecting highly uncooperative, scorched-earth discovery battles has earned them the nicknames 'shotgun'—and 'Rambo'—style objections. The nicknames are indicative of the federal courts' extreme disfavor of these objections."

Smash Tech., LLC v. Smash Sols., LLC, 335 F.R.D. 438, 441 (D. Utah 2020)(citation omitted).

Moreover, "[m]any federal courts have opined that 'subject to' or 'without waiving' objections are misleading, worthless and without legitimate purpose or effect. They reserve nothing."  Id. at 42 (citations omitted)(emphasis in original).

document production which creates a sense that not all documents responsive to Plaintiff's discovery requests have been produced and creates confusion in which documents which are later produced relate to which request. OCCJA has stated that it has produced 6000 pages of discovery as well as recordings. It states that it has identified its discovery to particular requests for production and has supplemented its production as needed in order to comply with Fed. R. Civ. P. 26.

This Court is mindful of the supplementation requirement and OCCJA is under an obligation to insure all responsive documents have been produced. It must not, however, engage in "shell game" production where Plaintiff is left to guess which documents are responsive to which request. In some instances, OCCJA has subsequently provided documents but only stated that they are responsive to Plaintiff's First Request for Production of Documents or are "produced pursuant to FRCP 26" or "FRCP 34 RFP".[5] OCCJA shall designate which of these documents are responsive to a particular request provided by Plaintiff.

Plaintiff also objects to OCCJA's privilege log, contending it is impossible to determine if the claim to privilege is legitimate based upon the information provided. This Court relies

---

5 *See* Exh. 1, 2, and 3 to OCCJA's Response (Docket Entry #111).

upon the requirements in EDOK LCvR 26.2(a) to evaluate the sufficiency of a privilege log. OCCJA provided a revised privilege log dated April 28, 2021 which identifies a single classification of documents pertaining to "District Attorney Carol Iski's confidential investigation" into Same McCoy and Ronald Spears which was presented to the Trust Authority Board in Executive Session on July 2, 2020. OCCJA's response does not contain the required information, including the type of document involved, general subject matter of the document, the date of the document, author of the document, whether an attorney was the author of all responsive documents, the recipient(s) of the document, and the nature of the privilege asserted. Supplementation will be required.

Plaintiff also requests that OCCJA be required to respond to her posed Interrogatory Nos. 19-26. OCCJA objected to responding to these Interrogatories, asserting Plaintiff exceeded the number permitted under Fed. R. Civ. P. 33. OCCJA reaches this conclusion by asserting that several of the Interrogatory Nos. 6, 15-18 contained discrete subparts which violated Rule 33.

The Advisory Committee Notes on Rule 33 suggests that

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions

5

>that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.
>
>Advisory Committee Note, 146 F.R.D. 401, 675-76 (Fed.1993)).

Additionally, "an interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question. Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004)(citations omitted).

As an initial matter, this Court does not endorse the practice of simply refusing to respond to discovery when a litigant deems that the Fed. R. Civ. P. 33(a)(1) limitation has been met. The appropriate practice is to file a motion for protective order to permit the Court to address the issue.

After reviewing Plaintiff's Interrogatory Nos. 6, 15-18, this Court finds that these Interrogatories each address a common theme which do not represent discrete subparts. While each does indeed contain numbered parts, they are sufficiently related in scope and purpose to represent a single request. As a result, OCCJA will be required to provide responses to Plaintiff's Interrogatory Nos. 19-26.

This Court now turns to the individual discovery requests:

Request for Production No. 4: Please produce all internal or third party written audits, draft audits, reports (including incident reports, and other investigative reports), draft reports, reviews or studies, including supporting documents, attachments and exhibits, from January 2015 to the present, that were conducted, created, or commissioned by U.S. Immigration and Customs Enforcement ("ICE"), the United States Department of Homeland Security, the United States Department of Justice ("DOJ"), the County, the Federal Bureau of Investigation ("FBI"), Oklahoma State Department of Health ("OSDH"), the Oklahoma State Bureau of Investigation ("OSBI"), the Oklahoma Department of Corrections, the Oklahoma Attorney General, the National Commission on Correctional Health Care ("NCCHC"), the American Correctional Association ("ACA"), or any other governmental, accrediting, licensing, or certifying entity.

Request for Production No. 46: Please produce all documents, generated by the U.S. Department of Homeland Security's Office of Civil Rights and Civil Liberties ("CRCL") OR U.S. Immigration and Customs Enforcement ("ICE") in connection with any audit of medical and mental health care provided to ICE detainees at the Jail.

Plaintiff states that OCCJA entered into a contract with ICE to house and supervise inmates in the Okmulgee County Jail. OCCJA states that the facility where ICE detainees are held is a completely separate building under separate and distinct staffs, procedures, and policies. Plaintiff has failed to demonstrate that the Decedent's medical treatment and the policies governing the same at the jail relate to the medical treatment provided to ICE detainees in a separate facility. The request is not deemed relevant to the claims asserted in this action.

Request for Production No. 10: Please produce all written complaints, grievances or kiosk requests from inmates alleging inadequate, untimely, or unsatisfactory medical or mental health care at the Jail, from 2015 to the present.

Request for Production No. 11: Please produce all incident reports and other investigative documents relating to written complaints, grievances or kiosk requests from inmates alleging inadequate, untimely, or unsatisfactory medical or mental health care at the Jail, from 2015 to the present.

OCCJA responded in its supplement that it was unable to locate such grievances. In its response to the Motion to Compel, OCCJA states that Ron Spears was responsible for maintaining and addressing inmate grievances. OCCJA cannot locate his external hard drive or the logs which document these grievances. Plaintiff requests an affidavit in order to preserve a spoliation argument. OCCJA shall provide such an affidavit from the party who conducted the search for the requested documents.

Request for Production No. 5: Please produce all written communications, including all emails, relating to any audit, investigation or on-site visit that:

a) was conducted at any time from January 1, 2015 to the present;

b) was related to medical or mental health services provided at the Jail; and/or

c) was conducted by ICE, the United States Department of Homeland Security, DOJ, FBI, OSDH, the Oklahoma Department of Corrections, the Oklahoma Attorney General, NCCHC, the ACA, or any other accrediting, licensing, or certifying entity from January 2015 to present.

Request for Production No. 16: Please produce all written communications, including all emails, concerning Decedent.

As an initial matter, since this Court has found that the ICE detention information is not relevant, any communications

8

regarding any such audits or investigations as it relates to the facility other than the one where Decedent was housed shall not be subject to production. OCCJA asserts that the cost to perform such an e-mail search is cost prohibitive. In an e-mail between counsel, OCCJA's counsel states her client has been quoted $120 per hour to conduct such a search by a third party. This is insufficient information for this Court to ascertain the total cost to OCCJA to comply with this discovery request. Certainly, e-mails concerning medical care in the jail and specifically addressing Decedent are relevant to the claims in this case. OCCJA will be required to either comply with Request for Production No. 5 and 16 or provide an affidavit as to the total cost for production.

<u>Request for Production No. 19</u>: Please produce all video or audio recordings in any format, of Decedent, or otherwise relating to Decedent's detention at the Jail.

OCCJA produced videos from January 11, 2020 and January 13, 2020 while the Decedent was incarcerated at the jail. Plaintiff ponders whether all videos have been produced which depict the Decedent at the jail since OCCJA used the term videos in its "possession." This Court will not engage in the parties' wordplay. The express statement by OCCJA that it has produced all video relevant to Plaintiff's Request for Production No. 19. If OCCJA

9

is aware of and can obtain additional video depicting Decedent while he was housed at the jail, it should have already been produced and shall be produced if it has not.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel (Docket Entry #97) is hereby **GRANTED,** in part, and **DENIED,** in part. OCCJA shall (1) provide responses without regard to the boilerplate objections; (2) associate all documents which it produced to the particular request to which they are responsive; (3) supplement its privilege log with more particularity; (4) respond to Plaintiff's Interrogatory Nos. 19-26; (5) provide an affidavit in relation to Plaintiff's Request for Production Nos. 10 and 11; (6) provide an affidavit or respond to Request for Production Nos. 5 and 16; and (7) provide any additional jail videos not already produced which are available to it and which is responsive to Request for Production No. 19 no later than **OCTOBER 15, 2021**. It is expected that counsel shall work in concert to ensure efficiency and prevent duplication of effort with regard to (2) above.

IT IS SO ORDERED this 21st day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE