IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SARAH REAGAN, as the Personal )
Representative for the Estate )
of Michael Reagan, Jr., )
deceased, )
 )
             Plaintiff, )
 )
v. )  Case No. CIV-20-243-RAW
 )
OKMULGEE COUNTY CRIMINAL )
JUSTICE AUTHORITY, a public )
trust; SAM MCCOY; )
RONALD SPEARS; )
NURSE JULIE BAUER, LPN; )
LISA WILSON, Captain; )
MIGUEL RIVERA, Sergeant; )
JOSEPH TERRY, )
Detention Officer; and )
ADEL MALATI, M.D., )
 )
             Defendants. )

**O R D E R**

This matter comes before the Court on Plaintiffs' Motion to Compel Defendant Sam McCoy to Supplement His Responses to Plaintiff's Discovery Requests (Docket Entry #139). United States District Judge Ronald A. White who presides over this case referred this Motion to the undersigned for final determination. Plaintiff brings this action based in 42 U.S.C. § 1983 against Defendants alleging inadequate medical care and treatment while Michael Reagan, Jr. (the "Decedent") was housed at the Okmulgee County Jail which resulted in his death from a seizure condition. Plaintiff also alleges that the jail was understaffed,

underfunded, and its employees were inadequately trained and supervised which allegedly contributed to the death of the Decedent.

On January 11, 2021, Plaintiff served written discovery upon Defendant Sam McCoy ("McCoy"). McCoy provided responses to the requests. Thereafter, McCoy and Defendant Ronald Spears ("Spears") filed an Opposed Limited Motion to Stay on March 25, 2021 requesting that discovery be stayed as it pertains to Plaintiff obtaining deposition testimony from McCoy and Spears. McCoy and Spears stated that they learned of an ongoing criminal investigation concerning the operation of the Okmulgee County Criminal Justice Authority by which they were employed, including the actions of McCoy and Spears individually. McCoy and Spears requested that they not be compelled to give testimony until such time as the criminal investigation was resolved. On March 31, 2021, Judge White granted the Motion and stayed "testimonial discovery as to defendants McCoy and Spears."

On June 17, 2021, McCoy and Spears filed a status report on the criminal investigation against them. They revealed that Defendants' counsel had spoken to an FBI agent who confirmed that an investigation was ongoing into the administration of the Okmulgee County Jail. He allegedly told counsel that further information would be available at the end of July, 2021 and

requested that his name not be disclosed in filings with this Court.

On August 27, 2021, a further status report was filed by McCoy and Spears on the criminal investigation. Counsel revealed that he "has learned that the person with the U.S. Attorney's Office that had previously provided information has returned to his home office in another state and that the investigation had been transferred to Doug Horn, the Assistant U.S. Attorney in the United States Eastern District of Oklahoma." Counsel contacted Mr. Horn who declined to provide any further information on the ongoing investigation.

Plaintiff files the subject Motion in an effort to learn the identity of the investigator to whom McCoy's counsel spoke. This Court has neither the will nor the desire to address the significant ink devoted to the vitriol and acrimony between counsel. McCoy contends the identity of the investigator will do Plaintiff no good since he will not reveal any information concerning the investigation. This is not the question for this Court. The pertinent question before the Court is whether the information sought by Plaintiff is relevant to a claim or defense asserted in this case. It is.

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant

to the claim or defense of any party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.

<u>McCoy v. Whirlpool Corp.</u>, 214 F.R.D. 642, 643-44 (D. Kan. 2003).

McCoy will be required to reveal the identity of the investigator to Plaintiff's counsel.  Whether the information bears further fruit is entirely the problem of Plaintiff's counsel.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Defendant Sam McCoy to Supplement His Responses to Plaintiff's Discovery Requests (Docket Entry #139) is hereby **GRANTED**.  McCoy shall disclose in writing the identity of the investigator from whom he discovered the fact of the ongoing criminal investigation into the operation of the Okmulgee County Jail and McCoy and Spears no later than **SEPTEMBER 29, 2021.**

IT IS FURTHER ORDERED that Defendant McCoy's request for attorney's fees "[b]ecause the Motion has no merit and is based on many false accusations" is hereby **DENIED**.

IT IS SO ORDERED this 22nd day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE