IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH REAGAN, as the Personal Representative of the Estate of Michael Reagan, Jr., deceased,<br><br>                Plaintiff,<br><br>v.<br><br>OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,<br><br>                Defendant. | Case No. CIV-20-243-RAW |

### ORDER ON NON-PARTY INTERVENOR'S
### MOTION TO INTERVENE AND FOR PROTECTIVE ORDER

This matter comes before the Court on motion by non-party Intervenor Jason William Young to intervene in this case for the purpose of modifying the existing protective order here, to use certain discovery from this case in his own case before this Court, *Young v. Okmulgee County Criminal Justice Authority*, Case No. CIV-20-242-RAW. The Court referred the motion to the undersigned Magistrate Judge for final determination pursuant to 28 U.S.C. § 636(b)(1) [Docket No. 194].[1] In the present motion,

---

[1] "[G]ranting [a party's] request to intervene for the limited purpose of seeking public access to court documents does not have any dispositive effect on the parties or claims, and the Court may rule on this non-dispositive matter by Order." *Parson v. Farley*, 352 F. Supp. 3d 1141, 1145 (N.D. Okla. 2018), aff'd, 2018 WL 6333562 (N.D. Okla. Nov. 27, 2018) (citing *Day v. Sebelius*, 227 F.R.D. 668, 671 (D. Kan. 2005) ("As a matter of law, an order granting leave to intervene is non-dispositive.") (citing *United States v. Certain Real Prop. & Premises Known as 1344 Ridge Rd., Laurel Hollow, Syosset, N.Y.*, 751 F. Supp. 1060, 1061 (E.D.N.Y. 1989) (The Government has not shown how the motion to intervene is 'dispositive of a claim or defense of a party,' and consequently, has not shown that the Magistrate exceeded his authority under Fed. R. Civ. P. 72(a).")).

Intervenor Young seeks leave pursuant to Fed. R. Civ. P. 24(b) to (i) intervene in *Reagan*, (ii) modify the Supplemental Protective Order [Docket No. 162] in *Reagan*, and (iii) obtain access to the materials subject to the *Reagan* Supplemental Protective Order.[2] For the reasons set forth below, Non-Party Intervenor Jason William Young's Motion to Intervene for Limited Purpose of Modifying Protective Order and Brief in Support [Docket No. 193] is hereby GRANTED and the *Reagan* Supplemental Protective Order is therefore MODIFIED.

I.  *Intervention*

First, "there is no question that Rule 24(b) is the proper procedural mechanism for a non-party to challenge a protective order." *Young v. Glanz*, 2018 WL 1588026, at *5 (N.D. Okla. Mar. 31, 2018) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose."); *Burke v. Glanz*, 2013 WL 211096, at *3 (N.D. Okla. Jan. 18, 2013) ("[T]his Court finds that the correct procedure is for nonparties to intervene if they seek access to protected documents.")); *see also Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) ("[E]very court of appeals to have considered the matter has come to the conclusion that Rule 24 is

---

[2] The Court notes this appears to be a multi-part motion in contravention of this Court's Local Civil Rule 7.1(b) ("Each motion, application, or objection filed shall be a separate pleading, except where alternative pleading is allowed by law or these Rules."). *See, e.g.*, *Univ. of Tulsa v. Johnson Matthey Inc.*, 2016 WL 10567162, at *2 (N.D. Okla. Oct. 26, 2016) ("[T]he Motion to Intervene by Similarly Situated Claimants (Doc. 43) is GRANTED. The Movants may file a motion seeking modification or rescission of the protective order within fourteen days from the date of this Opinion and Order."). However, the Court addresses all portions of the motion as applicable here for purposes of judicial economy and efficiency, reminding the parties to remain cognizant of this requirement for the future.

sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders."). Rule 24(b) allows permissive intervention, on timely motion, "to anyone who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Importantly, intervention "to challenge a protective order still in effect" is timely "regardless of the status of the underlying suit[,]" as long as the intervening party has standing. *United Nuclear*, 905 F.2d at 1427; *see also Cunningham v. Subaru of Am., Inc.*, 155 F.R.D. 205, 208 (D. Kan. 1994) ("[T]he Tenth Circuit has held that the concern underlying the timeliness prerequisite of Rule 24(b) is not present when the parties to the original lawsuit have settled their dispute and intervention is for a collateral purpose.") (citing *United Nuclear*, 905 F.2d at 1427).

**Standing.** As an initial matter, the Court has no trouble concluding that the proposed intervenor has standing. *See City of Colorado Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1078 (10th Cir. 2009) ("Any party, whether original or intervening, that seeks relief from a federal court must have standing to pursue its claims.") (quotation omitted). Here, Intervenor Young contends, and Defendant does not challenge, that he has independent Article III standing because he has shown "(1) [that] it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *City of Colorado Springs*, *Id.* at 1079. As Intervenor Young would directly benefit from modification of the *Reagan* Supplemental Protective Order, the Court

agrees. *See, e.g.*, *Quinonez-Castellanos v. Performance Contractors Inc.*, 2018 WL 10015527, at *4 (N.D. Iowa Oct. 9, 2018) ("Here, plaintiff's counsel in Quinonez-Castellanos, Thomas, and Goodman actively wish to share the discovery covered by the protective order with Thomas and Goodman, but they are prevented from doing so by the protective order's existence. I find that Thomas and Goodman have standing to intervene, as they would 'directly benefit[ ] from modification of [the protective order].'") (quoting *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988)).

**Intervention Permitted.** "When a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." *United Nuclear*, 905 F.2d at 1427. "*United Nuclear*'s flexible approach to the 'common question of fact or law' prong extends to non-parties seeking to modify protective orders for purposes of gaining public access to protected or sealed materials." *Young*, 2018 WL 1588026, at *6 (citations omitted); *see also Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) ("[W]hen a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits, an independent basis of jurisdiction is not required."). Indeed, Third Circuit precedent even instructs that any challenge to a confidentiality order "meet[s] the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common" with the main action.'" *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (cited favorably in *Young*, 2018 WL 1588026, at *6).

Here, Plaintiff contends, and Defendant does not challenge, that this standard is easily met because Intervenor Young's claims "involve the exact same defendants, the

same counsel, and the exact same allegations regarding the OCCJA's financial problems, as Plaintiff's allegations in [*Reagan*]." Docket No. 193, p. 7. The Court finds this is more than sufficient to permit intervention. *United Nuclear*, 905 F.2d at 1427 ("We find nothing improper in allowing intervention to challenge a protective order still in effect, regardless of the status of the underlying suit.").

II.     *Modification of the Protective Order*

As intervention is permitted, the next question is whether modification of the existing protective order should be allowed here. "As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed." *Id.*, 905 F.2d at 1427. Intervenor Young seeks to modify the *Reagan* protective Order to allow him access to the documents covered in the *Reagan* Supplemental Protective Order. He contends these documents are duplicative discovery that he is entitled to in his own case, as they are relevant to his claims, and further agrees to be bound by the same terms and/or additional restrictions as in the *Reagan* Supplemental Protective Order. Defendant clearly objects to this portion of the motion, but largely focuses his arguments on case law related to Fed. R. Civ. P. 45 and subpoenas, rather than prevailing case law on modification of a protective order. However, Defendant does assert in a footnote that binding Intervenor Young to the same terms as in the *Reagan* Supplemental Protective Order would render it "virtually meaningless," as the terms of the *Reagan* Supplemental Protective Order explicitly state, "in no event shall such information be used for any business, competitive, personal, private, public or other purpose or in other litigation." Docket No. 162, p. 7. The Court notes, however, that the *Reagan* Supplemental

Protective Order also states, "[T]his Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation." *Id.*, p. 10.  Furthermore, allowing one additional party to a protective order is not equal to rendering a protective order "virtually meaningless,"[3] and the universe of scenarios where such would be requested is not large, much less unlimited.  "The critical question is to what degree not giving continued effect to earlier protective orders will diminish their efficacy as a discovery management device. To the extent that the parties relied on the protective order when they freely disclosed information without further contesting the discovery requests, subsequent dissemination would be unfair."  Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 499-500 (1991).  But this is not a case where Defendants relied on the protective order itself by then freely disclosing the documents, as in *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 530 (N.D. Ala. 2003) ("In the absence of a protective order, the parties would have fought long and hard over the documents requested in discovery. The absence of repeated objections to discovery evidences the Defendants' reliance upon the protection order. Plaintiff now

---

[3] The Court recognizes Defendant's frustration here.  *See, e.g.*, *Dial v. Dep't of Veterans Affs.* 2023 WL 4489422, at *4 (D. Kan. July 12, 2023) ("The solution is not to lure a party into producing documents while relying on a protective order in the first case, then plan to violate the protective order and count on the court to rescue counsel in that endeavor. A party who produces documents subject to a protective order is entitled to rely on the order's basic tenet that the documents will not be used outside the litigation, absent a showing of good cause to modify that particular term."). But even *Dial* is distinguishable, as the Intervenor there raised "different substantive claims and discovery logistics," *id.*, and Intervenor Young has sufficiently overcome the objections, as discussed herein.

wants to un-do the protective order to which it consented and upon which Defendants relied during the course of discovery."), but one where disclosure was found appropriate under federal law and Defendant was then ordered to produce the documents over Defendant's state law objections.

The documents in the *Reagan* Supplemental Protective Order were produced only over Defendant's objection and following *in camera* review by the Court. The same objection to their production in *Reagan* was raised as in *Young*, *i.e.*, they are confidential and non-public documents protected under Oklahoma statutory law from disclosure in civil discovery pursuant to 74 Okla. Stat. § 150.5(D)(1) and 51 Okla. Stat. § 24A.5(1)(b). But as U.S. Magistrate Judge Kimberly E. West noted in her Order in this case granting access to these documents, under Federal law, "[i]f the executive session minutes contain information not available to Plaintiff from another source **and** the information developed in the minutes are not subject to an attorney related privilege, Plaintiff will be entitled to production." Docket No. 158, p. 4. Upon ruling that certain specific minutes and recordings should be produced, U.S. Magistrate Judge West ordered them produced subject to an agreed protective order which was then entered shortly thereafter. *See* Docket Nos. 158, 162.

> [W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order.

*Wilk v. American Medical Assoc.*, 635 F.2d 1295, 1299 (7th Cir. 1980) (adopted in *United*

*Nuclear*, 905 F.2d at 1428). "Defendants' desire to make it more burdensome for Intervenors to pursue their collateral litigation is not legitimate prejudice." *United Nuclear*, 905 F.2d at 1428. As in *United Nuclear*, the Court finds here that "any legitimate interest the defendants have in continued secrecy as against the public at large can be accommodated by placing Intervenors under the restrictions on use and disclosure contained in the original protective order." *Id.* The Court finds that the *Reagan* Supplemental Protective Order [Docket No. 162] should therefore be modified to include Intervenor Young.

    III.    *Access to Materials Under Modified Reagan Supplemental Protective Order*

Finally, the court recognizes the "limits of the district court's continuing jurisdiction over this matter." *Id.* at 1428. It is within the Court's power here to modify the *Reagan* Supplemental Protective Order, but it lacks power "to impose any new, affirmative requirements on the parties relating to discovery." *Public Citizen,* 858 F.2d at 781. The Court recognizes that the documents subject to the *Reagan* Supplemental Protective Order are likely discoverable and likely should be produced, *see Young*, Case No. 20-242-RAW, Docket No. 51, p. (Order by U.S. Magistrate Judge West) ("[T]his Court has already decided that such records are discoverable, it agrees that the records would be relevant to Plaintiff's § 1983 claim[.]"), but the Court elects to "refrain from issuing discovery orders applicable only to collateral litigation." *United Nuclear*, 905 F.2d at 1428 ("[Q]uestions of the discoverability in the [collateral] litigation of the materials discovered in [this] litigation are, of course, for the [collateral] courts.") (quotation omitted); *see also In re: Urethane Antitrust Litig.*, 2010 WL 11428565, at *4 (D. Kan. Sept. 10, 2010) ("*United*

*Nuclear* makes clear that there is a distinction between modifying a protective order to grant a collateral litigant access to discovery material, and ruling that the collateral litigant is entitled to the production of material. The court views the former as a rather passive act that simply lifts a restriction on who may access confidential material and the later as an affirmative decision (to be made by the collateral court) on what material a collateral litigant may obtain and use.").

Accordingly, Non-Party Intervenor Jason William Young's Motion to Intervene for Limited Purpose of Modifying Protective Order and Brief in Support [Docket No. 193] is hereby GRANTED. The Supplemental Protective Order [Docket No. 162] is hereby MODIFIED to give Intervenor Young access to those documents described therein. Intervenor Young shall be bound by the confidentiality provisions in the *Reagan* Supplemental Protective Order. While access to said documents is granted to Intervenor Young, the discoverability of those documents is nevertheless a matter for the collateral litigation.

IT IS SO ORDERED this 20th day of November, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**